Eastern District of Kentucky
F I L E D
DEC 2 0 2017
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| GEORGE S. RUSH, III,                    ) | |
| ) | |
| Petitioner,                    ) | Civil No. 6:17-217-GFVT |
| ) | |
| v.                    ) | **MEMORANDUM OPINION** |
| ) | **&** |
| WILLIAM HUTCHINGS, Warden,                    ) | **ORDER** |
| ) | |
| Respondent.                    ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

George S. Rush, III, is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Rush filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, the Court will deny Rush's petition.

In June 2004, Rush pled guilty to three counts of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841.[1] The United States District Court for the Southern District of Illinois determined that Rush was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. As a result, Rush's sentence was enhanced, and his guidelines range was 188 to 235 months in prison. In September 2004, the district court sentenced Rush to 235 months in prison.

Shortly thereafter, the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), and thus rendered the sentencing guidelines advisory. In light of that decision,

---

[1] This procedural history comes from Rush's petition and attached documents at R. 1, as well as his underlying criminal case of *United States v. Rush*, No. 4:04-cr-40023 (S.D. Ill. 2004).

the United States Court of Appeals for the Seventh Circuit vacated Rush's sentence and remanded his case for resentencing. In October 2005, the district court adopted the same guidelines calculations and once again sentenced Rush to 235 months in prison. Rush appealed that decision, but the Seventh Circuit affirmed the sentence. Rush's subsequent efforts to vacate his sentence were unsuccessful.

Rush has now filed a § 2241 petition with this Court. The crux of Rush's argument is that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as a number of federal circuit court decisions, his prior felony convictions are no longer valid predicate offenses to subject him to the career-offender enhancement under the sentencing guidelines.

Rush's petition, however, constitutes an impermissible collateral attack on his sentence. That is because although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Rush cannot use a § 2241 petition as a way of challenging his sentence.

Rush nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591, 599 (6th Cir. 2016), to support his position. [R. 1-1 at 13.] It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

(1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court resentenced Rush in October 2005, after the Supreme Court decided *Booker*. Rush has also failed to identify a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a predicate offense for purposes of the career-offender enhancement. While Rush cites *Mathis*, the Sixth Circuit recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, it did not announce a new rule, let alone a retroactive one. *In re Conzelmann*, No. 17-3270, 2017 WL 4159184, *1 (6th Cir. September 20, 2017). Rush's reliance on *Mathis* is therefore unavailing.

Accordingly, **IT IS ORDERED** that:

1. Rush's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

3

This the 20 day of December, 2017.

Gregory F. Van Tatenhove
United States District Judge